## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

MARGARET O'LEARY,
     Plaintiff,

v.

COLLEGE OF THE HOLY CROSS, and
PATRICK JOSEPH DIGGINS,
     Defendants.

Civil Action No. 3:20-cv-0616-JAM

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER MATTER TO THE PROPER DISTRICT OR ALTERNATIVELY TO DISMISS FOR IMPROPER SERVICE, IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION

Defendants, Trustees of the College of the Holy Cross ("Holy Cross")[1] and Patrick Joseph Diggins ("Mr. Diggins") (collectively "Defendants"), hereby file this Memorandum of Law in Support of Defendants' Motion to Transfer Matter to the Proper District or Alternatively, Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Insufficient Service of Process pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(5). Plaintiff's claims do not arise from any act or incident in Connecticut and Plaintiff has not alleged that Defendants had any contacts with Connecticut that would support jurisdiction under the Long-Arm Statutes or the Fourteenth Amendment. The proper venue for this matter is Florida, the location of the incident at issue, the relevant documents and witnesses, and the forum where a court may properly exercise jurisdiction over all parties and potential third-parties. The Court should thus transfer this matter to the United States District Court for the Southern District of Florida.

---

[1] Improperly named in this matter as College of the Holy Cross.

Oral Argument Requested

## TABLE OF CONTENTS

I.   FACTUAL AND PROCEDURAL BACKGROUND ..................................................... 1

II.  STANDARD OF REVIEW ................................................................................. 4

III. ARGUMENT ................................................................................................... 5

   A.   The Court Should Transfer this Matter to the Southern District of Florida........................ 5

   B.   Alternatively, Plaintiff's Complaint Should Be Dismissed ................................ 8

      a.   Improper Service .................................................................................. 8

      b.   Improper Venue .................................................................................... 8

      c.   Lack of Personal Jurisdiction under Connecticut Long Arm Statutes ........................... 9

         1.   The Long-Arm Statute does not provide jurisdiction over Holy Cross..................... 10

         2.   The Long-Arm Statute does not provide jurisdiction over Mr. Diggins. ................. 10

      d.   Lack of Personal Jurisdiction under Fourteenth Amendment ....................................... 12

         1.   The Court Lacks General Jurisdiction over Defendants.................................... 12

            a.   Holy Cross is Not "At Home" in Connecticut. ..................................... 13

            b.   Mr. Diggins is Not a Connecticut Domiciliary..................................... 14

         2.   The Court Lacks Specific Jurisdiction over the Defendants. .................................... 14

         3.   The Exercise of Jurisdiction over Defendants would be Unreasonable. .................... 17

IV.  CONCLUSION ............................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

Alexander & Alexander, Inc. v. Donald F. Muldoon & Co., 685 F. Supp. 346 (S.D.N.Y. 1988).. 6

Am. Univ. Sys., v. Am. Univ., 858 F. Supp. 2d 705 (N.D. Tx. 2012) ........................................ 16

Antoine v. Syracuse Univ., No. CV030473601, 2003 Conn. Super. LEXIS 2826 (Oct. 20, 2003) .................................................................................................................................................. 19

Arrowsmith v. United Press Int'l, 320 F.2d 219 (2d Cir. 1963)..................................................... 9

Asahi Metal Indus. Co. v. Super. Ct., 480 U.S. 102 (1987) ........................................................ 17

Atl. Marine Constr. Co. v. U. S. Dist. Court, 571 U.S. 49 (2013).................................................. 6

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120 (2d Cir. 2002)...... 12, 18

Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79 (2d Cir. 1995) .................................... 9

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ...................................................... 14

Brown v. CBS Corp., 19 F. Supp. 3d 390 (D. Conn. 2014) ......................................................... 13

Burger King v. Rudzewicz, 471 U.S. 462 (1985)......................................................................... 14

Cassell v. Loyola Univ., 294 F. Supp. 622 (E.D. Tenn. 1968)............................................... 13, 16

Chew v. Dietrich, 143 F.3d 24 (2d Cir. 1998)............................................................................. 15

Columbia Pictures Indus., Inc. v. Fung, 447 F. Supp. 2d 306 (S.D.N.Y. 2006)............................ 6

Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77 (2d Cir. 1978)............................................ 6

Cunningham v. Hinds, 1999 U.S. Dist. LEXIS 18544 (E.D.N.Y. Oct. 4, 1999)............................ 9

CutCo Indus., Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986) ...................................................... 4

Daimler AG v. Bauman, 134 S. Ct. 746 (2014)........................................................................... 14

Davis v. Baylor Univ., 976 S.W.2d 5 (Mo. Ct. App. 1998) ........................................................ 16

Delaware v. Prouse, 440 U.S. 648 (1979).................................................................................... 19

Dwyer v. General Motors Corp., 853 F. Supp. 690 (S.D.N.Y. 1994) ........................................... 9

Fanselow v. Rice, 213 F. Supp. 2d 1077 (D. Neb. 2002) .............................................................. 9

Ferreira v. Pringle, 255 Conn. 330 (2001) ................................................................................... 4

Forlastro v. Collins, No. 07 Civ. 3288, 2007 U.S. Dist. LEXIS 59616 (S.D.N.Y. Aug. 14, 2007) .................................................................................................................................................... 9

Gallant v. Trustees of Columbia Univ., 111 F. Supp. 2d 638 (E.D. Pa. 2000)............................ 13

Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539 (3d Cir. 1985) .............................. 13, 16

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011). ................................ 12

Hardnett v. Duquesne Univ., 897 F. Supp. 920 (D. Md. 1995)............................................. 13, 16

<u>Harris v. Ware</u>, No. 04 CV 1120, 2005 U.S. Dist. LEXIS 3302 (E.D.N.Y. Mar. 4, 2005) ............ 7

<u>Health Communs., Inc. v. Chicken Soup for the Soul Publ'g, LLC</u>, No. X06CV084014539S, 2009 Conn. Super. LEXIS 337 (Feb. 9, 2009) ......................................................................... 11

<u>Hershman v. Muhlenberg College</u>, No. 3:13CV00594, 2013 U.S. Dist. LEXIS 157343 (D. Conn. Nov. 4, 2013) ........................................................................................................................ passim

<u>In re Am. Express Co. S'holder Lit.</u>, 39 F.3d 395 (2d Cir. 1994) ................................................... 4

<u>In re Magnetic Audiotape Antitrust Litig.</u>, 334 F.3d 204 (2d Cir. 2003) ....................................... 4

<u>In re Roman Cath. Diocese of Albany, N.Y., Inc.</u>, 745 F.3d 30 (2d Cir. 2014) .......................... 14

<u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) .............................................................. 12, 17

<u>Isaacs v. Arizona Bd. of Regents</u>, 608 Fed. Appx. 70 (3rd Cir. 2015) ........................................ 13

<u>Kendall v. Trustees of Amherst College</u>, No. 06-4983, 2007 U.S. Dist. LEXIS 4079 (E.D. Pa. Jan. 17, 2007) ................................................................................................................................ 7

<u>Licci v. Lebanese Canadian Bank, SAL</u>, 673 F.3d 50 (2d Cir. 2012) ...................................... 4, 5

<u>Looney v. Speedee Worldwide Corp.</u>, No. 3:13cv1442, 2015 U.S. Dist. LEXIS 71414 (D. Conn. June 2, 2015) ............................................................................................................................... 14

<u>Mateo v. Univ. System of N.H.</u>, No. 18-11953, 2019 WL 199890 (D. Mass. Jan. 14, 2019) ...... 13

<u>Metro. Life Ins. Co. v. Robertson-CECO Corp.</u>, 84 F.3d 560 (2d Cir. 2006) ................. 10, 17, 18

<u>Milne v. Catuogno Ct. Reporting Svcs., Inc.</u>, 239 F. Supp. 2d 195 (D. Conn. 2002) .................. 12

<u>Norris v. Oklahoma City Univ.</u>, No. C-93-1626-VRW, 1993 U.S. Dist. LEXIS 11349 (N.D. Cal. Aug. 3, 1993) .............................................................................................................................. 13

<u>Nusbaum & Parrino, P.C. v. Collazo De Colon</u>, 618 F. Supp. 2d 156 (D. Conn. 2009) .............. 11

<u>Park v. Oxford Univ.</u>, 35 F. Supp. 2d 1165 (N.D. Cal. 1997) ..................................................... 13

<u>Pronovost v. Tierney</u>, 174 Conn. App. 368 (2017) ...................................................................... 11

<u>Ross v. Creighton Univ.</u>, 740 F. Supp. 1319 (N.D. Ill. 1990) ..................................................... 13

<u>RSM Prod. Corp. v. Fridman</u>, 643 F. Supp. 2d 382 (S.D.N.Y. 2009) ........................................... 4

<u>Rutkowski v. Providence College</u>, No. 3-05-CV-270, 2006 U.S. Dist. LEXIS 103673 (D. Conn. May 15, 2006) ........................................................................................................................ passim

<u>Ryan v. Cerullo</u>, 282 Conn. 109 (2007) ....................................................................................... 11

<u>Scherer v. Curators of the Univ. of Mo.</u>, 152 F. Supp. 2d 1278 (D. Kan. 2001) ......................... 13

<u>Severinsen v. Widener Univ.</u>, 338 N.J. Super. 42 (N.J. Ct. App. 2001) ................................. 13, 16

<u>Snodgrass v. Berklee College of Music</u>, 559 Fed. Appx. 541 (7th Cir. 2014) ............................. 13

<u>SongByrd, Inc. v. Estate of Grossman</u>, 206 F.3d 172 (2d Cir. 2000) ............................................ 6

<u>Syed v. Housel</u>, 106 F. Supp. 2d 397 (D. Conn. 2000) ........................................................... passim

<u>Thackurdeen v. Duke Univ.</u>, 660 F. App'x 43 (2d Cir. 2016) ....................................................... 5

U.S. Surgical Corp. v. Imagyn Med. Tech., 25 F. Supp. 2d 40 (D. Conn. 1998) ........................... 9

U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135 (2d Cir. 2001) ........ 12

Vilchis v. Miami Univ. of Ohio, No. 03 C 2916, 2003 U.S. Dist. LEXIS 17038 (N.D. Ill. Sep. 25, 2003) ..................................................................................................................... 16

Warren v. Univ. of Ill.-Champaign/Urbana, No. 19-4094-SAC-ADM, 2020 U.S. Dist. LEXIS 37117, at *5-6 (D. Kan. Mar. 4, 2020) .................................................................. 13

Wellner v. Kasarjian, No. CV 96 0562940, 1999 Conn. Super. LEXIS 948 (Apr. 6, 1999) ........ 10

Worldwide Futgol Assocs.s v. Event Enter't, Inc., 983 F. Supp. 173 (E.D.N.Y, 1997) ............... 6

Young v. Sullwold, 2000 U.S. Dist. LEXIS 14047 (E.D. Pa. Sept. 28, 2000) .............................. 9

Zafonte v. Mattel, Inc., No. 99-CV-74002000, U.S. Dist. LEXIS 5193 (E.D.N.Y. Mar. 20, 2000) .................................................................................................................... 5, 6, 9

## Statutes

174 Conn. App. 368, 376 (2017). ............................................................................................. 11

28 U.S.C. § 1391(b) ............................................................................................................... 5, 9

28 U.S.C. §§ 1404(a) and 1406(a) ........................................................................................... 5

Conn. Gen. Stat. § 52-59b ........................................................................................................ 11

Conn. Gen. Stat. § 52-63(a) ....................................................................................................... 8

Connecticut General Statute § 33-929(f) ................................................................................. 10

Connecticut. Conn. Gen. Stat. § 52-59b(2) ............................................................................... 12

Connecticut. Conn. Gen. Stat. § 52-59b(3) ............................................................................... 12

Fed. R. Civ. P. 12(b)(3) ............................................................................................................. 8

Fed. R. Civ. P. 12(b)(5) ............................................................................................................. 8

## I.  FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiff filed this action in Connecticut Superior Court on or about April 2, 2020. Defendants removed the action to this Court on May 5, 2020. (See Docket).

2.      This matter arises from a motor vehicle accident which occurred on January 15, 2020, in Vero Beach, Florida. At the time of the accident, Plaintiff, Margaret O'Leary ("Plaintiff") was a passenger in a vehicle driven by Defendant, Mr. Diggins. (Compl. ⁋ 3, attached hereto as Exhibit 1; (See Traffic Homicide Investigation, attached hereto as Exhibit 2).

3.      Plaintiff alleges that at the time of the accident, Mr. Diggins was acting as an employee of Holy Cross and that the accident was caused by the negligence of Holy Cross and/or Mr. Diggins. (Compl. ⁋ 6).

4.      Plaintiff has not alleged that Holy Cross or Mr. Diggins has any connections or contacts with the State of Connecticut. (See Compl.).

5.      Holy Cross is a private, non-profit college incorporated in Massachusetts and with a principal place of business located at 1 College Street, Worcester, MA. (Compl. ⁋ 1; Aff. Of Dorothy A. Hauver, ⁋ 3, attached hereto as Exhibit 3).

6.      At the time of the accident, Plaintiff was a student enrolled at Holy Cross and a member of the Holy Cross rowing team. (Ex. 3, ⁋ 10).

7.      Plaintiff was a passenger in a Ford Transit 350 XL van rented by Holy Cross in Florida from Budget Rent A Car System, Inc. (See Ex. 2).

8.      In total, eleven (11) members of the Holy Cross women's rowing team were riding in the vehicle, which was being operated by Mr. Diggins. (Ex. 3, ⁋ 12; Ex. 2 at pp. 2-3). The eleven individuals are domiciled in six different states, including Connecticut, Georgia, Illinois, New York, Massachusetts and Wisconsin. (Ex. 3, ⁋ 13).

9.      Several members of the Holy Cross women's rowing team allege to have sustained

Oral Argument Requested                        1

injuries in the accident and have expressed an intention to pursue a claim related thereto. (Ex. 3, ₱ 14).

10.     The driver of the other vehicle involved in the accident, Ronald Wolf, is a resident of Florida. (See Ex. 2 at p. 3; Ex. 3, ₱ 15).

11.     Ronald Wolf alleges to have sustained injuries in the accident and has advised of his intention to pursue a claim relative thereto. (Ex. 3, ₱ 16).

12.     At the time of the accident, Ronald Wolf was operating a 2005 Dodge Ram 2500 pickup truck. (See Ex. 2 at p. 1).

13.     The accident occurred at the intersection of Indian River Blvd. and Merrill P. Barber Bridge in Vero Beach, Florida (the "Intersection"), which was designed and operated by the Florida Department of Transportation. (See Road Safety Audit Report attached as Ex. 4).

14.     The traffic lights at the Intersection were maintained by Indian River County. (See Ex. 2 at p. 2).

15.     Holy Cross is not registered as a foreign corporation with the Connecticut Secretary of State and has never submitted tax filings with Connecticut. (Ex. 3, ₱ 4).

16.     Holy Cross does not own or possess land or other real property in Connecticut and does not maintain offices in Connecticut. (Ex. 3, ₱ 5).

17.     Holy Cross does not employ workers or agents to provide services in Connecticut. (Ex. 3, ₱ 6).

18.     Holy Cross has not engaged in any contracts to provide services in Connecticut to current students or in furtherance of the operation of the college. (Ex. 3, ₱ 7).

19.     Holy Cross does not have any financial holdings or bank accounts in Connecticut other than endowment investments in investment partnerships. (Ex. 3, ₱ 8).

Oral Argument Requested                    2

20.     Holy Cross did not initiate contact with Plaintiff concerning her participation on the Holy Cross women's rowing team. (Ex. 3, ₱ 17).

21.     Upon information and belief, Plaintiff was recruited to the Holy Cross women's rowing team after completing a questionnaire used by the women's rowing team to identify potential future team members amongst the school's applicants. (Ex. 3, ₱ 18; Aff. of Patrick J. Diggins, ₱ 14, attached hereto as Exhibit 5).

22.     Holy Cross's agents and employees did not have any in-person contact with Plaintiff or her family in Connecticut as part of her recruitment to the Holy Cross women's rowing team. (Ex. 3, ₱ 19; Ex. 5, ₱ 15).

23.     Plaintiff attended an unofficial visit to the Holy Cross campus on July 30, 2018, and an official visit to the Holy Cross campus on October 1, 2018. (Ex. 3, ₱₱ 20).

24.     Plaintiff entered into an Athletics Financial Aid Agreement that was prepared by Holy Cross in the Commonwealth of Massachusetts and contemplates performance primarily in the Commonwealth of Massachusetts. (Ex. 3, ₱ 21; Ex. 5, ₱ 15).

25.     The Holy Cross women's rowing team participates in competitions during both the fall and spring seasons. Between January 1, 2018 and the Present, a period of five seasons (Spring 2018, Fall 2018, Spring 2019, Fall 2019, Spring 2020) the Holy Cross women's rowing team participated in only a single athletic competition in the State of Connecticut, which occurred on October 6, 2019. (Ex. 3, ₱ 22).

26.     Holy Cross's women's rowing team is a member of the Patriot League, an athletic conference that does not have a member institution participating in women's rowing that is located in the State of Connecticut. (Ex. 3, ₱ 23).

27.     Mr. Diggins is not currently and has at no point relevant hereto been, a citizen or

domiciliary of the State of Connecticut. (Ex. 5, ¶ 3).

28.     Mr. Diggins has never had any financial holdings or bank accounts in Connecticut. (Ex. 5, ¶ 4).

29.     Mr. Diggins has never possessed land or other real property in Connecticut. (Ex. 5, ¶ 5).

30.     Mr. Diggins has never been employed by a Connecticut company and did not derive revenue from Connecticut in his capacity as Holy Cross women's rowing coach. (Ex. 5, ¶ 6).

31.     Mr. Diggins has never had a Connecticut driver's license.  (Ex. 5, ¶ 8).

**II.     STANDARD OF REVIEW**

On a motion to dismiss, the plaintiff has the burden of establishing jurisdiction over the defendant and proper venue. In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003); Syed v. Housel, 106 F. Supp. 2d 397, 400 (D. Conn. 2000). The Court construes the pleadings and affidavits in the light most favorable to the plaintiff. CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). "Where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Ferreira v. Pringle, 255 Conn. 330, 346-47 (2001) (internal quotation marks omitted). Conclusory allegations lacking factual specificity do not satisfy the plaintiff's burden. In re Am. Express Co. S'holder Lit., 39 F.3d 395, 400 n.3 (2d Cir. 1994); RSM Prod. Corp. v. Fridman, 643 F. Supp. 2d 382, 410 (S.D.N.Y. 2009).

"First, the plaintiff's service of process upon the defendant must have been procedurally proper." Licci v. Lebanese Canadian Bank, SAL, 673 F.3d 50, 59 (2d Cir. 2012). Next, for proper venue, the case must be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State; (2) a judicial district in which a substantial part of the events

Oral Argument Requested                    4

or omissions giving rise to the claim occurred; or (3) any judicial district in which any defendant is subject to personal jurisdiction, if there is no district in which an action may otherwise be brought. 28 U.S.C. § 1391(b). Third, the court must have jurisdiction over the defendant under the applicable long-arm statute and the Due Process Clause of the Fourteenth Amendment. Licci, 673 F.3d at 60. The Due Process analysis requires that (1) the defendant to have "sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction" and (2) the "assertion of personal jurisdiction comport[ ] with traditional notions of fair play and substantial justice." Id.

## III.   ARGUMENT

Plaintiff's claim should be transferred to the appropriate venue, the District Court for the Southern District of Florida.  Alternatively, Plaintiff's Complaint should be dismissed because (1) Defendants were not properly served; (2) venue is improper; and (3) the Court lacks personal jurisdiction over Defendants. Defendants do not reside in Connecticut and none of the relevant events giving rise to this action occurred in Connecticut. The accident at issue occurred in Florida and the Complaint does not allege that Defendants had *any* contacts with Connecticut to satisfy the Long Arm Statutes or due process.

### A.   The Court Should Transfer this Matter to the Southern District of Florida.

Under 28 U.S.C. §§ 1404(a) and 1406(a), if a civil action is commenced in the wrong district the court may, in the interests of justice, transfer the case to any district in which it could have been brought. Thackurdeen v. Duke Univ., 660 F. App'x 43, 47 (2d Cir. 2016). Furthermore, the "district court may transfer an action in which personal jurisdiction is in question without first deciding the jurisdictional issue." Zafonte v. Mattel, Inc., No. 99-CV-74002000, U.S. Dist. LEXIS 5193, at *1 (E.D.N.Y. Mar. 20, 2000) (citing Corke v. Sameiet M.S. Song of Norway, 572 F.2d

77, 79-80 (2d Cir. 1978)).[2] "[T]he mere appearance of a colorable jurisdictional issue may be a factor in a court's decision to transfer venue." Worldwide Futgol Assocs.s v. Event Enter't, Inc., 983 F. Supp. 173, 182 (E.D.N.Y, 1997).[3] While – as set forth below – this Court lacks personal jurisdiction over Defendants, it need not decide the issue and may "transfer the case to . . . the locus of operative facts[,] where witnesses are located" and the potential defect may be avoided. Hershman v. Muhlenberg College, No. 3:13CV00594, 2013 U.S. Dist. LEXIS 157343, at *9 n.3 (D. Conn. Nov. 4, 2013).

In determining whether to transfer a matter, courts consider the parties' interest and the public interests, including:

1) ease of access to sources of proof;
2) availability of compulsory process for attendance of witnesses;
3) site of incident;
4) all other practical problems that make trial of a case easy, expeditious and inexpensive;
5) administrative difficulties flowing from court congestion;
6) the local interest in having localized controversies decided at home; and
7) the interest in having the trial of a diversity case in a forum that is at home with the law.

Atl. Marine Constr. Co. v. U. S. Dist. Court, 571 U.S. 49, 62 (2013). In Zafonte, a district court in this Circuit applied the factors to transfer a motor vehicle accident claim to Arizona, the locus of the incident. 2000 U.S. Dist. LEXIS 5193, at *3-4. The court noted that although the plaintiff and a witness resided in New York and the plaintiff received follow-up medical care in New York, the District of Arizona's "strong connection to this case" warranted transfer. Id.

---

[2] See also SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000) ("[W]hether or not venue was proper, lack of personal jurisdiction could be cured by transfer to a district in which personal jurisdiction could be exercised, with the transfer authority derived from either section 1406(a) or section 1404(a)").

[3] See also Columbia Pictures Indus., Inc. v. Fung, 447 F. Supp. 2d 306, 309 n.2 (S.D.N.Y. 2006) ("Although [defendant's] claim of lack of personal jurisdiction need not be decided, his personal contacts with New York are sufficiently scanty to raise a colorable jurisdictional issue, which itself weighs in favor of transfer."); Alexander & Alexander, Inc. v. Donald F. Muldoon & Co., 685 F. Supp. 346, 348 (S.D.N.Y. 1988) ("[W]here motions to dismiss for lack of personal jurisdiction and venue are joined with a motion to transfer, the transfer motion may be considered first.").

Oral Argument Requested                    6

> First, the accident took place in Arizona and the officer identified on the Arizona Traffic Accident Report is likely to be an important witness. Second, after the accident, plaintiff was taken to Kingman Regional Medical Center in Arizona for treatment. The doctors who examined the plaintiff are also probable witnesses in the case . . . . Finally, the court in Arizona would have personal jurisdiction over all of the parties and could subpoena all the relevant witnesses.

Id. at *5.[4] In Syed, this Court similarly transferred a motor vehicle action noting that although the plaintiffs were Connecticut residents, it was "convenient for both parties to bring this action in the District in which the action occurred" as "it would be much easier to gather proof regarding the accident" and the "[w]itnesses, if any, are also likely to reside [there]." 106 F. Supp. 2d at 400.

The factors here likewise strongly favor transfer to the Southern District of Florida. The motor vehicle accident occurred in Vero Beach, Florida. The other driver involved in the accident – who is a witness and a potential third party – is a Florida resident. The responding officers, emergency personnel, and providers of initial medical treatment also reside in Florida. The six bystander witnesses identified in the traffic investigation report are Florida residents as well.[5] Additionally, the vehicles, reports, photographs, and other documentary records of the accident are held in Florida. Florida tort law will generally govern the issue of liability for the accident, thus favoring transfer. Rutkowski v. Providence College, No. 3-05-CV-270, 2006 U.S. Dist. LEXIS 103673, at *13 (D. Conn. May 15, 2006). Further, Florida has jurisdiction over the parties, witnesses, and/or likely third-parties, including the other driver, auto manufacturers, municipality, Florida Department of Transportation, vehicle manufacturers and rental agency. See Syed, 106 F. Supp. 2d at 400. Lastly, Plaintiff was one of thirteen individuals involved in the accident, including eleven members of the women's rowing team. The eleven rowers are domiciled in six different

---

[4] See also Kendall v. Trustees of Amherst College, No. 06-4983, 2007 U.S. Dist. LEXIS 4079, at *18 (E.D. Pa. Jan. 17, 2007) (transferring case to locus of the student's injury); Harris v. Ware, No. 04 CV 1120, 2005 U.S. Dist. LEXIS 3302, at *9-11 (E.D.N.Y. Mar. 4, 2005) (transferring to locus of motor vehicle accident).

[5] The bystander witnesses interviewed include: Eric Jordan, John Colontrelle, Kate Olea, Ty Olea, Cassidy Olea, and Ann Lane. See Ex. 4 at pp. 10-11.

Oral Argument Requested                                   7

states, including Connecticut, Georgia, Illinois, New York, Massachusetts and Wisconsin; and the other driver, Ronald Wolf, is domiciled in Florida. Plaintiff's claim is one of several which are expected to be filed as a result of this accident. It would be prejudicial to Defendants and a waste of judicial resources to allow each of these cases to proceed in separate jurisdictions, as opposed to in Florida, where the accident occurred and all potential parties are subject to personal jurisdiction.

###### B.      Alternatively, Plaintiff's Complaint Should Be Dismissed

To the extent this Honorable Court rejects Defendants' request to transfer this matter to the United States District Court for the Southern District of Florida, Plaintiff's Complaint should be dismissed because (1) Defendants were not properly served; (2) venue is improper; and (3) the Court lacks personal jurisdiction over Defendants.

###### a.      Improper Service

Plaintiff's Complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Plaintiff alleges that service of the Summons and Complaint was effectuated upon the Commissioner of Motor Vehicles pursuant to Conn. Gen. Stat. § 52-63(a). However, this statute only applies to claims for negligent operation of a motor vehicle in Connecticut, against a person who is licensed or whose vehicle is registered in Connecticut. Conn. Gen. Stat. § 52-63(a). The accident did not occur in Connecticut and Defendants' rental van was not registered in Connecticut. See Ex. 2. at p. 3.  Defendants have never maintained an address or driver's license in Connecticut.  See Ex. 3, ¶¶ 3, 5; Ex. 5 at ¶¶ 5, 8.  Thus, service was improper and Plaintiff's claims should be dismissed.

###### b.      Improper Venue

Plaintiff's Complaint is Subject to Dismissal under Fed. R. Civ. P. 12(b)(3) for Improper Venue.  It is plaintiff's burden to show that venue is proper. Syed, 106 F. Supp. 2d at 400.  In a

Oral Argument Requested                                   8

diversity action, venue is proper in:

1) a judicial district where any defendant resides, if all defendants reside in the same State;
2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In "cases specifically dealing with car accidents between residents of different states, the location of the accident is the determinative factor . . . in deciding where the substantial part of the events giving rise to the claim occurred." Forlastro v. Collins, No. 07 Civ. 3288, 2007 U.S. Dist. LEXIS 59616, at *11 (S.D.N.Y. Aug. 14, 2007).[6] The Defendants do not reside in Connecticut. The accident did not occur in Connecticut and Plaintiff's claims do not arise out of any events or omissions occurring in Connecticut.  Further, Plaintiff's cause of action could have been brought in Florida.  Thus, Connecticut is not an appropriate venue for Plaintiff's claims.

### c.      Lack of Personal Jurisdiction under Connecticut Long Arm Statutes

A federal district court, sitting in diversity jurisdiction, applies the law of the forum state to resolve the question of personal jurisdiction. U.S. Surgical Corp. v. Imagyn Med. Tech., 25 F. Supp. 2d 40, 43 (D. Conn. 1998) (citing Arrowsmith v. United Press Int'l, 320 F.2d 219, 231 (2d Cir. 1963)). "To determine whether it has personal jurisdiction over [a] [c]ollege, a court generally first asks whether the Connecticut Long-Arm statute would reach the defendant." Rutkowski, 2006 U.S. Dist. LEXIS 103673, at *4 (citing Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995)). If there is long-arm jurisdiction, the Court must then decide whether the

---

[6] Citing Fanselow v. Rice, 213 F. Supp. 2d 1077, 1080 (D. Neb. 2002); Young v. Sullwold, 2000 U.S. Dist. LEXIS 14047, at *3 (E.D. Pa. Sept. 28, 2000); Syed v. Housel, 106 F. Supp. 2d 397, 399 (D. Conn. 2000); Zafonte v. Mattel, Inc., 2000 U.S. Dist. LEXIS 5193, at *1 (E.D.N.Y. Mar. 20, 2000); Cunningham v. Hinds, 1999 U.S. Dist. LEXIS 18544, at *2 (E.D.N.Y. Oct. 4, 1999); Dwyer v. General Motors Corp., 853 F. Supp. 690, 692 (S.D.N.Y. 1994).

exercise of jurisdiction comports with the provisions of the Fourteenth Amendment's Due Process Clause. Metro. Life Ins. Co. v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir. 2006); U.S. Surgical, 25 F. Supp. 2d at 44.

      1.     The Long-Arm Statute does not provide jurisdiction over Holy Cross.

Connecticut General Statute § 33-929(f) provides that a foreign corporation may be subject to suit by a resident on a cause of action arising: (1) out of any contract made or to be performed in the state; (2) out of any business solicited in this state if the corporation has repeatedly so solicited business; (3) out of goods the corporation has a reasonable expectation will be used or consumed in this state; or (4) out of tortious conduct in this state.

To satisfy the first category, the plaintiff must establish that the claims arise from a contract made in Connecticut or where performance is clearly contemplated or required in Connecticut. Wellner v. Kasarjian, No. CV 96 0562940, 1999 Conn. Super. LEXIS 948, *16 (Apr. 6, 1999). Plaintiff does not allege contract-based claims or even the existence of a contract. (See Compl.). Likewise, Plaintiff's claims do not arise from any business that Holy Cross "repeatedly solicited" in Connecticut. This Court has previously recognized that the traditional activities of institutions of higher education, such as student recruitment, tuition collection, and academic endeavors are "noncommercial" in nature and generally do not constitute "soliciting business" under the Long-Arm Statute. Hershman, 2013 U.S. Dist. LEXIS 157343, at *3-5. Lastly, Plaintiff does not allege injury from goods manufactured, sold or distributed by Holy Cross into Connecticut or that Holy Cross engaged in tortious conduct in the State. As such, the Court lacks long-arm jurisdiction over Holy Cross in this matter.

      2.     The Long-Arm Statute does not provide jurisdiction over Mr. Diggins.

Plaintiff's claims against Mr. Diggins also fail under the Long-Arm Statutes. Connecticut may exercise long-arm jurisdiction over a non-resident who in person or through an agent:

1) transacts any business within the state;
2) commits a tortious act within the state;
3) commits a tortious act outside the state causing injury to person or property within the state if such person or agent:
   a) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
   b) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;
4) owns, uses or possesses any real property situated within the state.

Conn. Gen. Stat. § 52-59b. [7] "Transacts any business" requires "[a] purposeful business transaction . . . in which the defendant has engaged in some form of affirmative conduct allowing or promoting the transaction of business within the forum state." Nusbaum & Parrino, P.C. v. Collazo De Colon, 618 F. Supp. 2d 156, 162 (D. Conn. 2009) (quoting Health Communs., Inc. v. Chicken Soup for the Soul Publ'g, LLC, No. X06CV084014539S, 2009 Conn. Super. LEXIS 337, *22 (Feb. 9, 2009)). Further, the plaintiff's cause of action must arise from the defendant's business activity in Connecticut. Ryan v. Cerullo, 282 Conn. 109, 121-22 (2007). In Pronovost v. Tierney, the court held that the Long-Arm Statute did not provide jurisdiction over a non-resident defendant for a motor vehicle accident in Maryland. 174 Conn. App. 368, 376 (2017). The court noted that "the defendant had no contact with Connecticut relating to or arising out of the automobile accident in Maryland, and there [was] no evidence that the defendant derived any revenue from Connecticut with respect to her interstate commerce activities." Id. The fact that the plaintiff was a Connecticut resident was insufficient satisfy the Long-Arm Statute. Id.; see also Syed, 106 F. Supp. 2d at 399 (no long-arm jurisdiction where defendant did not reside or own property in Connecticut, never transact business or derive substantial revenue in Connecticut, and motor vehicle accident did not occur in Connecticut).

Here, there is no allegation that Mr. Diggins engaged in any conduct in Connecticut that

---

[7] The statute also authorizes jurisdiction for certain computer use not at issue here. Conn. Gen. Stat. § 52-59b(5).

gave rise to Plaintiff's claims. Rather, the accident at issue occurred in Florida and Plaintiff's Complaint does not allege tortious conduct in Connecticut. Conn. Gen. Stat. § 52-59b(2). Additionally, Mr. Diggins does not derive substantial revenue from Connecticut. Conn. Gen. Stat**. § 52-59b(3).** Moreover, he does not own, use or possess real property in Connecticut. Conn. Gen. Stat. § 52-59b(4).

As Plaintiff cannot establish long-arm jurisdiction over Holy Cross or Mr. Diggins, her claims are subject to dismissal.

### d.    Lack of Personal Jurisdiction under Fourteenth Amendment

A plaintiff must show that the court has general or specific jurisdiction to satisfy the constitutional requirement of sufficient contacts between the defendants and the forum. Milne v. Catuogno Ct. Reporting Svcs., Inc., 239 F. Supp. 2d 195, 203 (D. Conn. 2002). General jurisdiction exists only where the defendant's contacts with the forum are so systematic and continuous that the court may exercise jurisdiction regardless of whether the contacts give rise to the plaintiff's claims. U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135, 152 (2d Cir. 2001). "Where the claim arises out of, or relates to, the defendant's contacts with the forum – i.e., specific jurisdiction – minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being hauled into court there." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002). Finally, the court's exercise of personal jurisdiction must comport with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

### 1.    The Court Lacks General Jurisdiction over Defendants.

For general jurisdiction, a defendant corporation's contacts with the State must be so continuous and systematic as to render it "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011). The place of incorporation

Oral Argument Requested                                  12

and principal place of business are the paradigm bases for a corporation to be "at home." <u>Brown v. CBS Corp.</u>, 19 F. Supp. 3d 390, 397 (D. Conn. 2014). While courts have identified narrow exceptions, none apply to institutions of higher education. <u>See</u> <u>Hardnett v. Duquesne Univ.</u>, 897 F. Supp. 920, 924 (D. Md. 1995) ("Whatever argument might be made in favor of personal jurisdiction over nonforum commercial establishments . . . the same cannot be said of a nonforum university."); <u>Severinsen v. Widener Univ.</u>, 338 N.J. Super. 42, 54 (N.J. Ct. App. 2001) ("Although college recruitment activities certainly involve some elements of business activity, any impact on commerce in New Jersey is too remote to justify the exercise of general jurisdiction."); <u>Cassell v. Loyola Univ.</u>, 294 F. Supp. 622 (E.D. Tenn. 1968) ("Although college athletics certainly involve some elements of business activity, an athletic scholarship program is not such commercial activity" for "a non-profit organization which does not seek profitable activities in this state.").

### a.   *Holy Cross is Not "At Home" in Connecticut.*

The typical activities of colleges and universities do not create "systematic and continuous" contacts. <u>Hershman</u>, 2013 U.S. Dist. LEXIS 157343, at *5; <u>Rutkowski</u>, 2006 U.S. Dist. LEXIS 103673, at *6-7. Thus, courts have unanimously held that a college is not subject to general jurisdiction outside its own state. <u>See</u>, <u>e.g.</u>, <u>Hershman</u>, 2013 U.S. Dist. LEXIS 157343, at *5-6 ("Muhlenberg [College] is not 'essentially at home' anywhere except Pennsylvania, its state of incorporation, principal place of business, and site of its only campus.").[8]

Holy Cross is a non-profit college incorporated and located in Massachusetts. It does not

---

[8] Accord <u>Isaacs v. Arizona Bd. of Regents</u>, 608 Fed. Appx. 70, 75-76 (3rd Cir. 2015); <u>Snodgrass v. Berklee College of Music</u>, 559 Fed. Appx. 541, 541-42 (7th Cir. 2014); <u>Gehling v. St. George's Sch. of Medicine, Ltd.</u>, 773 F.2d 539 (3d Cir. 1985); <u>Warren v. Univ. of Ill.-Champaign/Urbana</u>, No. 19-4094-SAC-ADM, 2020 U.S. Dist. LEXIS 37117, at *5-6 (D. Kan. Mar. 4, 2020); <u>Mateo v. Univ. System of N.H.</u>, No. 18-11953, 2019 WL 199890 *3-4 (D. Mass. Jan. 14, 2019); <u>Scherer v. Curators of the Univ. of Mo.</u>, 152 F. Supp. 2d 1278, 1282-83 (D. Kan. 2001); <u>Gallant v. Trustees of Columbia Univ.</u>, 111 F. Supp. 2d 638 (E.D. Pa. 2000); <u>Park v. Oxford Univ.</u>, 35 F. Supp. 2d 1165 (N.D. Cal. 1997), <u>aff'd</u>, 165 F.3d 917 (9th Cir. 1998); <u>Hardnett v. Duquesne Univ.</u>, 897 F. Supp. 920 (D. Md. 1995); <u>Norris v. Oklahoma City Univ.</u>, No. C-93-1626-VRW, 1993 U.S. Dist. LEXIS 11349 (N.D. Cal. Aug. 3, 1993), <u>aff'd</u>, 21 F.3d 1115 (9th Cir. 1994); <u>Ross v. Creighton Univ.</u>, 740 F. Supp. 1319 (N.D. Ill. 1990).

own, lease or possess property in Connecticut and is not registered to do business in Connecticut. Holy Cross does not employ individuals to regularly provide services in Connecticut. See Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014); Looney v. Speedee Worldwide Corp., No. 3:13cv1442, 2015 U.S. Dist. LEXIS 71414, at *3-8 (D. Conn. June 2, 2015). Plaintiff has not alleged that Holy Cross has any connection to Connecticut, much less that it has "systematic and continuous" contacts with the State which would render it "at home." At most, Holy Cross's contacts with Connecticut are consistent with the typical activities of colleges and universities which courts have unanimously held are insufficient for general jurisdiction.

> b.   *Mr. Diggins is Not a Connecticut Domiciliary.*

"[F]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." In re Roman Cath. Diocese of Albany, N.Y., Inc., 745 F.3d 30, 38 (2d Cir. 2014). Mr. Diggins resides and is domiciled in Massachusetts. Thus, he is not subject to general jurisdiction in Connecticut.

> 2.   The Court Lacks Specific Jurisdiction over the Defendants.

Specific personal jurisdiction requires a showing that: (1) the non-forum defendant purposely directed its activities toward residents of the forum state or purposely availed itself of the privilege of conducting activities therein; (2) the plaintiff's complaint arises out of or results from the defendant's forum-related contacts; and (3) that the forum's exercise of personal jurisdiction in the case is reasonable, *i.e.* is consistent with "fair play and substantial justice." Burger King v. Rudzewicz, 471 U.S. 462, 477-78 (1985). The "arises out of" prong thus requires a "causal connection between the defendant's forum contacts and the plaintiff's injuries." Rutkowski, 2006 U.S. Dist. LEXIS 103673, at *5-6; see also Best Van Lines, Inc. v. Walker, 490 F.3d 239, 249 (2d Cir. 2007) (requiring an "articulable nexus between the business transacted and the cause of action sued upon, or . . . a substantial relationship between the transaction and the

Oral Argument Requested                              14

claim asserted"). Where, as here, the defendant's contact with the State is limited, the contacts must be a proximate cause of plaintiff's injury. Chew v. Dietrich, 143 F.3d 24, 29 (2d Cir. 1998).

This Court has previously held that recruitment activities are not substantially related to subsequent tort injuries incident to a student's attendance. In Hershman, the plaintiff-student sued Muhlenberg College for infliction of emotional distress and violations of the Americans with Disabilities Act for failing to accommodate his disability through a revised class schedule. 2013 U.S. Dist. LEXIS 157343, at *1. This Court held that Muhlenberg's representative personally meeting with the plaintiff in Connecticut and encouraging him to apply did not support jurisdiction because the contact was not substantially related to his alleged injuries. Id. at *7-8. "Even assuming the recruiter's encouragement influenced the plaintiff to apply, the relationship among the defendant, the forum, and the litigation is too attenuated to satisfy the causal requirement for specific jurisdiction." Id. at *8.

Similarly, in Rutkowski, the plaintiff, a Connecticut resident and parent of a student, brought suit in this Court after suffering a fall on the Rhode Island campus of Providence College. 2006 U.S. Dist. LEXIS 103673, at *1. This Court held that although Providence sent admission officers to actively recruit in Connecticut, encouraged Connecticut high school students and their family to visit the campus, and approximately 16% of the students in each class was from Connecticut, none of these activities was the cause in fact or legal cause of the plaintiff's fall and thus, specific jurisdiction was lacking. Id. at *3, *6.

These decisions are consistent with sister courts who have declined to exercise personal jurisdiction over colleges for personal injury claims occurring out-of-state, absent a showing that the claim relates directly to the college's in-person recruitment of the plaintiff, within the forum. See Hershman, 2013 U.S. Dist. LEXIS 157343, at *1 ("Other courts have declined to exercise

jurisdiction over educational institutions when, as here, the defendant's contacts with the forum state were limited to recruitment, alumni relations, and other activities typical of colleges and universities that attract students from many states.")[9]; Davis v. Baylor Univ., 976 S.W.2d 5, 12-13 (Mo. Ct. App. 1998) (reviewing cases and noting specific jurisdiction over non-forum colleges is limited to contract, fraud, or misrepresentation claims arising from "negotiations . . . conducted inside the forum state").

In Vilchis v. Miami Univ. of Ohio, the court held that injuries the plaintiff suffered while competing on Miami University's diving team did not "arise from" the university "sending representatives to Illinois to watch promising high school athletes." No. 03 C 2916, 2003 U.S. Dist. LEXIS 17038, at *17 n.3 (N.D. Ill. Sep. 25, 2003). Likewise, a medical student's injury at a college-sponsored event was not substantially related to the college's recruiting and marketing efforts in Pennsylvania or "feeder" relationship with a Pennsylvania college. Gehling v. St. George's Sch. of Med., Ltd., 773 F.2d 539, 544-45 (3d Cir. 1985). In Hardnett, the court held that Duquesne University was not subject to jurisdiction in Maryland for injuries the plaintiff suffered during an on-campus concert in Pennsylvania because the plaintiff's claims were "based in tort [and] Duquesne's contacts with Maryland were wholly contractual in nature." 897 F. Supp. at 924. The incident was too attenuated from Duquesne's contacts with the plaintiff in Maryland which presumably occurred prior to his enrollment. Id.

Here, Defendants did not initiate contact with Plaintiff concerning her participation on the Holy Cross women's rowing team. Rather, Defendants began recruiting Plaintiff for the women's rowing team after she completed a questionnaire along with her application for admission,

---

[9] Citing Gehling, 773 F.2d at 544; Am. Univ. Sys., v. Am. Univ., 858 F. Supp. 2d 705, 714 (N.D. Tx. 2012); Hardnett, 897 F. Supp. at 924; Cassell v. Loyola Univ., 294 F. Supp. 622, 624 (E.D. Tenn. 1968); Severinsen, 338 N.J. Super. at 54.

expressing an interest in rowin.  Additionally, Defendants did not have in-person contact with Plaintiff or her family in Connecticut to recruit her onto the women's rowing team. Moreover, Plaintiff has not identified any contacts Defendants had with Connecticut, much less that any such contacts proximately caused the motor vehicle accident in Florida. Indeed, Holy Cross's women's rowing team is a member of the Patriot League, an athletic conference that does not have a member institution participating in women's rowing that is located in the State of Connecticut.  Moreover, between January 1, 2018 and the Present, a period of five athletic seasons (Spring 2018, Fall 2018, Spring 2019, Fall 2019, Spring 2020) the Holy Cross women's rowing team participated in a single athletic competition in the State of Connecticut, which occurred on October 6, 2019, and was entirely unrelated to the traffic accident on January 15, 2020 in Florida.  Accordingly, the relationship between the accident and Defendants' limited contacts with Connecticut are too attenuated to support the exercise of personal jurisdiction. Because Plaintiff's claim arises from a personal injury in a motor vehicle accident occurring in another state, there is no basis for the Court to exercise jurisdiction over the non-forum Defendants.

       3.     The Exercise of Jurisdiction over Defendants would be Unreasonable.

Even if Defendants had forum contacts remotely related to the accident at issue – which Defendants deny – due process precludes the exercise of jurisdiction because it is not consistent "with traditional notions of fair play and substantial justice[.]" Int'l Shoe, 326 U.S. at 316. The factors courts consider include:

1) the burden that the exercise of jurisdiction will impose on the defendant;
2) the interests of the forum state in adjudicating the case;
3) the plaintiff's interest in obtaining convenient and effective relief;
4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and
5) the shared interest of the states in furthering substantive social policies.

Metro. Life, 84 F.3d at 568 (quoting Int'l Shoe, 326 U.S. at 316 and citing Asahi Metal Indus. Co.

Oral Argument Requested         17

v. Super. Ct., 480 U.S. 102, 113-14 (1987)). Moreover, "the reasonableness prong of the due process inquiry evokes a sliding scale" and the "inquiry varies inversely with the strength of the minimum contacts showing[.]" Id. Where a plaintiff has made only a borderline showing of sufficient contacts, an especially strong showing of the reasonableness factors is required. Id.

      As noted above, Plaintiff has not alleged that Defendants had any contacts with Connecticut and thus, have failed to establish jurisdiction. Bank Brussels, 305 F.3d at 127. Even if Plaintiff could present a weak case for sufficient contacts, the facts do not support that the exercise of jurisdiction would be reasonable. Metro. Life, 84 F.3d at 568. Defendants are not asserting that litigating this matter in Connecticut would pose an undue burden or that Plaintiff, as a resident, lacks an interest in seeing her claims redressed here. However, these factors are mitigated where, as here, there is a remote nexus between the plaintiff's injury and the college's theoretical contacts with the forum. See Hershman, 2013 U.S. Dist. LEXIS 157343, at *9 n.2; Rutkowski, 2006 U.S. Dist. LEXIS 103673, at *11 (holding that it would be unreasonable to subject non-profit colleges to personal injury claims in every state in which a student resides).[10] As to the "most efficient resolution" factor, courts "consider where witnesses and evidence are likely to be located." Metro. Life, 84 F.3d at 574. The accident occurred in Florida. First responders to the accident, medical providers, bystander witnesses, the driver of the other vehicle, and third-parties who may bear liability are located and/or subject to personal jurisdiction in Florida. For the last factor, as noted above, states have a shared interest in not subjecting national universities to jurisdiction in every, or nearly every forum. "Traditional notions of justice and fair play strongly

---

[10] In Hershman, 2013 U.S. Dist. LEXIS 157343, at *9 n.2 and Rutkowski, 2006 U.S. Dist. LEXIS 103673, at *11, this Court contrasted the relationship between college recruitment and on-campus injuries with the more direct relationship between an injury occurring at Walt Disney World as a result of Disney's direct solicitation of Connecticut patrons. The Court held that it would be unreasonable to subject the non-profit colleges to jurisdiction in any states they recruit based on a subsequent injury related to attendance.

militate against holding that a non-profit educational institution renders itself subject to service of process in every state . . . from which it may seek or attract outstanding athletes or scholars." Antoine v. Syracuse Univ., No. CV030473601, 2003 Conn. Super. LEXIS 2826, at *12 (Oct. 20, 2003); accord Rutkowski, 2006 U.S. Dist. LEXIS 103673, at *11. Florida also has an interest in maintaining the safety of its roadways, and identifying and addressing potentially unsafe conditions. See Delaware v. Prouse, 440 U.S. 648, 650 (1979) (acknowledging state interest in roadway safety).

Plaintiff has failed to allege any facts supporting jurisdiction over Holy Cross or Mr. Diggins, much less sufficient contacts to warrant this Court to deviate from the substantial jurisprudence holding that the usual activities of a non-profit college (and its agents) do not subject them to personal injury claims in every state in which a student resides. There is simply no legal or factual basis for this Court to exercise jurisdiction over Holy Cross or Mr. Diggins in this matter. Because Plaintiff cannot establish personal jurisdiction over Defendants in this matter and the factors favor transfer, this Court should transfer the matter to the District Court of the Southern District of Florida.

## IV.    CONCLUSION

Plaintiff's Complaint is subject to dismissal for insufficient service of process, improper venue, and lack of personal jurisdiction. Plaintiff has not alleged any contacts that Defendants had with Connecticut, much less any contacts which would support venue or jurisdiction for Plaintiff's action arising from a motor vehicle accident in Florida. In the interests of justice, the Court should transfer this matter to the Southern District of Florida.

Oral Argument Requested                    19

Respectfully Submitted,
Defendants, Trustees of the College of Holy Cross
and Patrick J. Diggins,

s/ *Javier F. Flores*
Javier F. Flores, phv 10635
Eric V. Skelly, phv 10627
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA  02110
Phone:  (857) 305-6383
Facsimile: (857) 305-6401
Javier.Flores@dinsmore.com
Eric.Skelly@dinsmore.com


*/s/ Walter B. Welsh*
Walter B. Welsh, ct27210
WHITMYER IP GROUP LLC
600 Summer Street
Stamford, Connecticut 06901
Telephone: (203) 703-0800
Facsimile: (203) 703-0801
Email:      wwelsh@whipgroup.com;
               litigation@whipgroup.com

Oral Argument Requested                    20